HON. ARNOLD REIF Trustee, Village of Sloatsburgh
We acknowledge receipt of your letter inquiring whether a village trustee may hold the position of Foreman in your village fire department. Telephone conversations with your village clerk and mayor indicate that you as a village trustee are the single fire commissioner of the village.
Village Law § 3-300, subdivision 3, authorizes members of the village board of trustees to be single commissioners in charge of village departments except as provided in the Zoning Article of the Village Law (Article 7, §§ 7-700 through 7-742). A generally similar authorization appeared in the former Village Law § 4-404, subdivision 3. Thus, the terms "village board of fire commissioners" and "single fire commissioner" are interchangeable and reference in the statutes to one includes reference to the other.
Village Law § 10-1012 provides, in part, that a person may not hold simultaneously the office of village mayor or village trustee and the position of chief or assistant of a village fire department. We do not find the particular position of Foreman of a village fire department or a fire company thereof mentioned in the statute. However, in Village Law § 10-1010 there is a provision that the members of each of the several companies constituting a fire department shall elect annually a captain and a lieutenant "and such further officers if any as may be provided for in the by-law of the company" who must be approved by the board of fire commissioners and, in addition, one warden and one delegate to the general convention of the fire department.
We assume that the position of Foreman is a fire company office and is not a term applied to a member who, in the absence of higher ranking members, would perform the functions of chief engineer.
The company officers mentioned in section 10-1010 (except warden and delegate), are not actually "elected" by a fire company even though the statute uses that word. The so-called "election" is really a nomination because it is subject to approval by the board of fire commissioners. Obviously, it would be improper for a person so nominated to a position to have his appointment made by himself either as the single fire commissioner or as one of the members of the board of fire commissioners. The wardens and delegates, on the other hand, are actually elected by the fire companies and their election is a binding act and is not subject to approval by the board of fire commissioners. Therefore a member of the board of fire commissioners or a single fire commissioner thus would not be disqualified from holding the fire company office of warden or delegate.
In our opinion, a member of a village board of fire commissioners or a single fire commissioner may not simultaneously hold any village fire company office except warden and delegate to the general convention of the fire department.
In our opinion, if a village trustee is not a sole fire commissioner or a member of a village board of fire commissioners, that trustee may hold a fire company office but, because of the prohibition contained in Village Law § 10-1012, such trustee could not be chief engineer or assistant chief of the village fire department or hold a position which, upon occasion, would necessitate the trustee's performing the function of chief engineer.
In our opinion, under no circumstance may a chief engineer or assistant chief engineer of a village fire department (or any other individual who, in the absence of someone holding a higher position in a fire department would act as chief engineer of the fire department) simultaneously hold the office of village trustee.